IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ABBY HENDERICKSON<br>1885 Autumn Road, Apt. 6<br>Mansfield, Ohio 44907,<br><br>Individually and on behalf of<br>all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>KEY 2 RECOVERY, INC,<br>5448 West Chester Road<br>West Chester, Ohio 45069,<br><br>　　　　　Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**CLASS ACTION COMPLAINT**:<br>**UNLAWFUL DEBT COLLECTION**<br>**PRACTICES -- (JURY DEMAND**<br>**ENDORSEMENT HEREON)** |

## I.  JURISDICTION

1.　This Court has jurisdiction under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(d), and pursuant to supplemental jurisdiction, 28 U.S.C. § 1367.

## II.  INTRODUCTION

2.　Plaintiff, Abby Hendrickson ("Plaintiff"), as a class representative, brings this class action for violations of the FDCPA and Ohio Consumer Sales Practices Act ("OCSPA"), O.R.C. § §1345.01 *et seq.*, arising out of the January 23, 2015 form letter attached hereto as Exhibit A ("form letter"), and requests declaratory and injunctive relief, statutory damages, attorney fees and costs for the class under the FDCPA and OCSPA.

3.　Plaintiff, in her individual capacity, brings this action seeking the same relief, as well as actual damages and punitive damages for violations of the FDCPA, OCSPA, and common law invasion of privacy.

### III.  PARTIES

4. Plaintiff is a person residing at 1885 Autumn Road, Apt 6, Mansfield, OH 44907-2255, Richland County, Ohio, and is a consumer as defined in 15 U.S.C. § 1692a(3) and O.R.C. § 1345.01(D), because she incurred a consumer debt for a student loan to obtain a degree from Tiffin University, a creditor.

5. Defendant, Key 2 Recovery, Inc. ("Defendant"), is a collection agency residing in Adams County, Ohio; a debt collector as defined in 15 U.S.C. § 1692a(4); and is a supplier as defined in O.R.C. § 1345.01(C), because it regularly collect consumer debts for creditors from consumers, including Plaintiff's debt to $25,782.40.

### IV. CLASS FACTUAL ALLEGATIONS

6. On or about January 23, 2015, Defendant sent Plaintiff the form letter, which forms the basis of the class claims against Defendant.

7. The form letter, in an attempt to collect a consumer debt, states: "Please call me to discuss repayment options to avoid ["ASSET DEVELOPMENT"] of your:

> PLACE OF EMPLOYMENT, BANK ACCOUNTS, REAL ESTATE EQUITY, AUTOMBILE EQUITY, PENSION ACCOUNTS, 401K AND DEFERRED COMPENSATON PLANS, WHOLE LIFE PLANS AND ANNUITIES.

8. Under O.R.C § 2329.66, pension accounts, 401k, and deferred compensation plans are exempt from garnishment and attachment.  Thus, the letter objectively frustrates a consumer's ability to intelligently choose his/her response.

9. The form letter further states that the ASSET DEVELOPMENT search: "will include contact of your relatives and neighbors to locate you" and that "[t]hese assets will be used to determine whether to recommend to the creditor legal remedies to force collection of your debt."

2

10. Prior to sending the form letter, Defendant knew: Plaintiff's home address and phone number; and upon information and belief, the home address and phone number of the class members.

## V. CLASS RULE ALLEGATIONS

11. Plaintiff brings this action individually, and pursuant to F.Civ.R.P. 23(a), (b)(2), and (b)(3). The class under the first claim for relief is defined as: all Ohio consumers who have or will receive from Defendant at any time on or after October 10, 2014 the form letter. The class under the second claim for relief is defined as: all Ohio consumers who have or will receive from Defendant at any time on or after October 10, 2013 the form letter.

12. The members of the class are so numerous that joinder of all parties is impracticable. At this time, the precise number cannot be determined. Upon information and belief, there appears to be hundreds in the class.

13. There are questions of law or fact common to the class, including whether the form letter violates the FDCPA.

14. Plaintiff's claims are typical of the class members in that she alleges the same claims asserted on behalf of the class as a whole.

15. Plaintiff will fairly and adequately protect the interests of the class in that she has a personal desire to vindicate the rights of the class and she has retained competent counsel to represent the class.

16. Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final equitable relief for the class as a whole.

17. Unless Defendant is enjoined and restrained from continuing the foregoing illegal practices, Plaintiff and the putative class will suffer substantial and irreparable injury for which they have no adequate remedy at law.

18. Prosecution of separate actions by individual class members creates risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

19. Prosecution of separate actions by individual members of the class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for defendants who are expected to oppose the class.

20. Questions of law and fact common to the class members predominate over any questions affecting only individual members, and a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the class will be effective and appropriate for the entire class; all members of the class have a right to damages or other relief which may be readily computed in each case or otherwise readily determined.

21. Many of the persons with whom Defendant has dealt, or who were affected by its activities, may not be aware of their rights, or are not in a financial position to assert such rights readily. Because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## VI. INDIVIDUAL FACTUAL ALLEGATIONS

22. Plaintiff realleges and incorporates by reference all of the allegations contained in the above paragraphs.

23. At all times relevant herein, Defendant had Plaintiff's home address and phone number.

24. On or about February 3, 2015, Defendant's authorized agent, Denise M. Hayes ("Ms. Hayes"), who at all times relevant herein was acting in the scope of her authority for Defendant, contacted Plaintiff's sister. Ms. Hayes stated it was a personal matter and left her phone number with extension.

25. On or about February 11, 2015, Ms. Hayes contacted Plaintiff's employer (J.P. Morgan Chase). Ms. Hayes did not identify herself, or state that se was confirming or correcting location information concerning Plaintiff. She stated it was personal. The email that Plaintiff received from her employer is attached hereto as Exhibit B.

26. On or about February 11, 2015, Ms. Hayes contacted Plaintiff by phone on this date, and stated that she could make substantial payments ($6,000 to $12,000), which Plaintiff could not make. Ms. Hayes told her to take out a credit card, ask family for money or take out a personal loan. Plaintiff's offer of $200 per month was unacceptable, and she asked for more time to try and come up with the money. Ms. Hayes gave her through the end of February to do so.

27. On or about February 25, 2015, Defendant's authorized agent, Tom Johnson, who at all times relevant herein was acting in the scope of his authority for Defendant, called Plaintiff, and left a nasty message that she needed to contact him before Friday. He stated, *inter alia*, that the payment of $200 per month was not acceptable and that their lawyers would garnish her wages, and that she needed to

contact her HR department because there are some employers (reading off a list) that often fire their employees if they had wage garnishments other than child support.

28. Upon information and belief, Defendant failed to provide Plaintiff with a notice of her rights as required by 15 U.S.C. § 1692g.

29. On or about March 11, 2015, Plaintiff sent Defendant a request for validation of the debt, a copy of which is attached hereto as <u>Exhibit C,</u> and incorporated herein by reference.   Defendant has failed to respond to the request for validation.

30. As a result of Defendant's actions and inactions, Plaintiff suffered headaches, embarrassment, anxiety, fear, mental anguish/emotional distress, loss of sleep, humiliation, worry, outrage, and/or anger.

## VII. <u>FIRST CLASS CLAIM FOR RELIEF — FDCPA</u>

31. Plaintiff realleges and incorporates by reference all of the allegations contained in the above paragraphs.

32. Defendants routinely sent out the form letter to consumers in an effort to collect consumer debts in the state of Ohio.

33. The form letter violated Plaintiff's and the classes' rights under the FDCPA in several ways, including, but not limited to:

>  a. Implying that nonpayment of the debt will result in the seizure, garnishment, attachment of exempt property in violation of 15 U.S.C. § 1692e(4).
.
>  b. Threatening and/or implying to take action it does not actually intent to take or that it cannot legally take in violation of 15 U.S.C. § 1692e(5).
>
>  c. Threatening to conduct ASSET DEVELOPMENT of her/his PLACE OF EMPLOYMENT when it knew where he/she worked in violation of 15 U.S.C. § 1692b.

    c.    Threatening to contact relatives and neighbors to locate consumers, when it knew her/his home address and phone number in violation of 15 U.S.C. § 1692b.

    d.    Threatening and/or implying to contact relatives and neighbors is a false representation of the actions that Defendant could legally take in violation of 15 U.S.C. § 1692e(5).

34. As a result of Defendant's actions and inactions, Plaintiff and the class are entitled to relief as provided for by 15 U.S.C. § 1692k.

## VIII. SECOND CLASS CLAIM FOR RELIEF — OCSPA

35. Plaintiff realleges and incorporates by reference all of the allegations contained in the above paragraphs.

36. At all times relevant herein, Defendant was a supplier under the OCSPA.

37. The debt arose out of a consumer transaction with a supplier as defined in O.R.C. § 1345.01(C).

38. Defendant knowingly committed unfair, deceptive and/or unconscionable acts and/or practices in violation of O.R.C. §§ 1345.02 and/or 1345.03.

39. As a result of Defendant's actions and inactions, Plaintiff and/or the class are entitled to relief as provided for by O.R.C. § 1345.09.

## IX. THIRD CLAIM FOR RELIEF (INVASION OF PRIVACY)

40. Plaintiff realleges and incorporates by references all of the allegations contained in the above paragraphs.

41. Defendant's actions and inactions constitute a violation of common law invasion of privacy. *See, Housh v. Pleth*, 165 Ohio St. 35 (1956).

42. Defendant's actions and inactions were intentional, wanton, and/or in reckless disregard for Plaintiff's rights.

7

43. As a result of Defendant's actions and inactions, Plaintiff is entitled to actual and punitive damages based upon common law invasion of privacy.

## X. **DEMAND FOR RELIEF**

**WHEREFORE**, Plaintiff demands for judgment against Defendant as follows:

a.  Enter an order that the class claims shall be maintained as a class action pursuant to F.Civ.P.R. 23(b)(2) and/or 23(b)(3).

b.  Enter declaratory and/or injunctive relief on behalf of Plaintiff and/or the class prohibiting Defendant from engaging in the above violations of law.

c.  Enter a judgment on behalf of Plaintiff and the class against Defendant for all statutory damages to which she and the class are entitled but not less than $500,000.00;

d.  Enter a judgment against Defendant on Plaintiff's individual claims for the maximum amount permitted by law.

e.  Award Plaintiff attorneys' fees and costs.

f.  Grant Plaintiff any and all other relief that is proper.

Respectfully submitted,

*/s/ Edward A. Icove*
Edward A. Icove (0019646)
Icove Legal Group, Ltd.
Terminal Tower, Suite 627
50 Public Square
Cleveland, Ohio 44113
(216) 802-0000; Fax: (216) 802-0002
ed@icovelegal.com

*/s/ Deborah L. Mack*
Deborah L. Mack (0067747)
One Marion Ave., Suite 204
Mansfield, Ohio 44903
(419) 524-4683; Fax (419) 524-4685
debbie@attymack.com

Attorneys for Plaintiffs

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues and claims contained in this Complaint, as permissible under law.

*/s/ Edward A. Icove*
Attorney for Plaintiff