UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ABBY HENDERICKSON, Individually and on behalf of All others similarly situated, | ) ) ) | CASE NO.:  1:15-cv-02316 |
| | ) | JUDGE DAN A. POLSTER |
| Plaintiffs, | ) ) | **STIPULATION FOR** |
| | ) | **SETTLEMENT** |
| vs. | ) | **BETWEEN PLAINTIFF** |
| | ) | **AND DEFENDANT** |
| KEY 2 RECOVERY, INC., | ) | |
| | ) | |
| Defendant. | | |

Plaintiff Abby Henderickson ("Plaintiff") filed an action in the United States District

Court for the Northern District of Ohio challenging the unfair collection practices of

Defendants Key 2 Recovery, Inc. ("Defendant").  Plaintiff claims that Defendant violated

the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692, *et seq.*, and the

Ohio Consumer Sales Practices Act ("CSPA"), O.R.C. §§1345.01 *et. seq.*  Defendant

denies any violation of the FDCPA and CSPA.

Plaintiff maintains that she would ultimately prevail on the FDCPA and CSPA

claims against Defendant, but deem the proposed settlement with Defendant as set

forth herein to be in their best interests and in the best interests of those whom they

seek to benefit.  Defendant denies all liability whatsoever and maintains that it would

ultimately prevail on all issues in this action, but deem the settlement agreement set

forth below to be in their best interests as well.

The Court has not ruled on any substantive contentions as to the validity of

Plaintiff's claims against Defendant or as to the liability or non-liability of Defendant, nor

has the Court expressed an opinion with respect thereto, nor do the parties to this stipulation make any admission or concession on these substantive issues.

By this document, it is stipulated and agreed between Plaintiff and Defendant that Plaintiff's monetary claims and claims for declaratory and injunctive relief against Defendant shall be settled and compromised through an Order entered by the Court, which incorporates by reference the following provisions:

A.  **Class Action Claims.**  The parties to this Stipulation agree that the Court will not certify this case as a class action. Nevertheless, pursuant to O.R.C. § 1345.09(D), the injunctive relief included in this stipulation, specifically paragraph C, subsection 1, is intended to benefit and be enforced by all Ohio consumers who have or will receive from Defendant at any time on or after the date this Stipulation is approved by the Court, the form letter attached hereto as Exhibit "A" or any communication from Defendant regarding a consumer debt, which is incorporated herein by reference.

B.  **Submission of Stipulation.**  The parties hereto shall promptly submit this Stipulation to the Court and jointly request that this Court approve it.  They agree to cooperate with each other and with the Court to that end.

C.  **Consideration for Settlement given by Defendant.**  In consideration of the agreements made by Plaintiffs and Defendants, their successors, employees and agents, Defendant agrees as follows:

1. Defendant is permanently enjoined from:

.

a.   Implying that nonpayment of the debt will result in the seizure, garnishment, attachment of exempt property in violation of 15 U.S.C. § 1692e(4).

b.   Threatening and/or implying to take action it does not actually intent to take or that it cannot legally take in violation of 15 U.S.C. § 1692e(5).

c.   Threatening to conduct ASSET DEVELOPMENT of her/his PLACE OF

EMPLOYMENT when it knew where he/she worked in violation of 15 U.S.C. § 1692b.

c.    Threatening to contact relatives and neighbors to locate consumers, when it knew her/his home address and phone number in violation of 15 U.S.C. § 1692b.

d.    Threatening and/or implying to contact relatives and neighbors is a false representation of the actions that Defendant could legally take in violation of 15 U.S.C. § 1692e(5).

e.    Contacting an employer, relative, neighbor, or third party when it knows the address and/or phone number of the consumer in violation of 15 U.S.C. § 1692b.

2.    Defendant shall pay Plaintiff a confidential amount of money for her alleged damages and attorneys' fees.

3.    Defendant expressly and comprehensively waives any and all rights it may have against Plaintiff from the beginning of time up to the present against Plaintiff, her agents, representatives, successors-in interest, heirs, executors, administrators, and personal representatives.

D.    **Consideration for Settlement given by Plaintiff.**  Plaintiff expressly and comprehensively waive any and all rights she may have for the claims made in this case from the beginning of time up to the present against the Defendant, its agents, representatives, successors-in interest, heirs, executors, administrators, and personal representatives.


E.    **Miscellaneous.**  If the Court fails to approve this Stipulation or a final order based upon it, the parties to this Stipulation agree that nothing in it, or in any statement or pleading made by either party in support of it, shall be admissible in this or any other proceeding.

**IT IS SO STIPULATED:**

*/s/Edward A. Icove*
Edward A. Icove, Esq. (0019646)
Icove Legal Group, Ltd.
Terminal Tower, Suite 627
50 Public Square
Cleveland, OH 44113
(216) 802-0000; (216) 802-0002
ed@icovelegal.com
Attorney for Plaintiffs

*/s/Tood Raskin*
Todd Raskin (003625)
Mazanec, Raskin & Ryder Co., L.P.A.
100 Franklin's Row
34305 Solon Rd.
Cleveland, OH 44139
(440) 424-0023
traskin@mrrlaw.com
Attorney for Defendant


*/s/Deborah L. Mack*
Deborah L. Mack (0067747)
One Marion Ave., Suite 204
Mansfield, OH 44903
(419) 524-4683; Fax (419) 524-4685
debbie@attymack.com
Co-counsel for Plaintiffs



**IT IS SO ORDERED:**



s/ ***Dan Aaron Polster***    2/10/2016
_____
Judge Dan A. Polster
United States District Court
Northern District of Ohio